UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JONATHAN SPINKS,

        Plaintiff,

v.

JOHN DOE ARRESTING OFFICER,

        Defendant.
_____

24-CV-6607-CJS
ORDER

*Pro se* plaintiff Jonathan Spinks ("Plaintiff") is a prisoner confined at the Coxsackie Correctional Facility. He filed a complaint requesting relief under 42 U.S.C. § 1983. ECF No. 1. He also moved for leave to proceed *in forma pauperis* ("IFP"). ECF No. 2.

The Court granted his motion to proceed IFP and screened his complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. ECF No. 4 (the "initial screening order"). The initial screening order liberally construed the complaint as asserting false arrest and malicious prosecution claims. *Id.* at 6-7. The order dismissed claims against Rochester Police Department and Sandra Doorley without leave to amend but otherwise allowed Plaintiff to replead. *Id.* at 10-11. In allowing Plaintiff to replead, the Court directed him to show why his claims are not untimely or barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *Id.* at 4-5, 7, 9, 10. Plaintiff timely filed an amended complaint. ECF No. 7.

Having screened the amended complaint, the Court finds no reason to disturb its finding that the false arrest claim is time-barred. ECF No. 4 at 4-5. The basis of this claim is that Plaintiff was falsely arrested on December 15, 2012. ECF No. 1 at 4; ECF No. 7 at 5. Plaintiff alleges that this claim not *Heck* barred because he was "acquitted at the second trial in December 2018," and he originally filed suit "months later." ECF No. 7 at

8. Presumably, Plaintiff is referring to a prior action that he filed in this Court concerning the same facts as this lawsuit, *Spinks v. Monroe County*, 19-CV-6888.

In that regard, the Court's Case Management and Electronic Files System ("CM/ECF") shows that on December 9, 2019, Plaintiff filed a case against the Rochester Police Department, the Monroe County District Attorney's Office, and Monroe County, requesting monetary relief for "all the time [he] did for a crime [he] never committed." *Spinks v. Monroe County*, No. 19-CV-6888, ECF No. 1 at 4 (W.D.N.Y. Dec. 9, 2019) ("19-cv-6888"). However, on April 8, 2021, the Court denied Plaintiff's motion for leave to proceed *in forma pauperis* and administratively closed 19-cv-6888, subject to Plaintiff paying the filing fee within forty-five days. *See*, ECF No. 3. Plaintiff never paid the filing fee, and, indeed, never filed anything else in this Court, until more than three years later, when he filed the subject action.[1] When Plaintiff filed the subject action, his original complaint referenced the 2019 action, by stating, when asked to state the result of any prior actions involving the same facts, "Dismissed failed to appeal."[2]

The 2019 action lacks relevance as to the timeliness of Plaintiff's false arrest claim, since, even at that time, his false arrest claim was untimely. As the Court previously

---

[1] An administrative closure is not technically a dismissal, but that fact should not equitably benefit Plaintiff for purposes of the statute of limitations, since his failure to either pay the filing fee or take any other action for 3.5 years thereafter clearly warranted dismissal for abandonment/failure to prosecute.

[2] In a cover letter submitted with the proposed amended complaint in this action, Plaintiff now appears to claim that he never received notice of the denial of his IFP motion and administrative closure of the 2019 action. *See*, ECF No. 7 at p. 9 ("I waited years for a decision of my first IFP I did not get notice that my first IFP was denied until I wrote this court asking about the status of my IFP. I never received the letter denying my request. So that is why I refiled the complaint."). However, Plaintiff fails to include any relevant dates, and his explanation is simply not credible in any event, since the Court mailed a copy of the Order denying Plaintiff's IFP motion to him, and never received any notification that it was returned or undeliverable. Additionally, the Court has no record of any such letter of inquiry from Plaintiff, which, if it had been received, would have been docketed.

apprised Plaintiff, a § 1983 claim for false arrest "begins to run" at the time of the alleged constitutional violation, namely when the "claimant becomes detained pursuant to legal process," see *Wallace v. Kato*, 549 U.S. 384, 388 (2007), so even though his false arrest claim was *Heck*-barred until he was acquitted at his second trial in 2018, he was required to file his false arrest claim before the three-year statute of limitations expired. *Owens v. Okure*, 488 U.S. 235, 251 (1989); *Jewell v. County of Nassau*, 917 F.2d 738, 740 (2d Cir. 1990) ("New York's three year statute of limitations under N.Y. Civ. Prac. L. & R. 214(2) governs § 1983 actions brought in federal district court in New York.").).

Plaintiff's false arrest claim accrued on December 15, 2012, so this claim was due no later than December 15, 2015. Plaintiff's first complaint in 19-cv-6888 was filed December 9, 2019. Plaintiff has not provided a legitimate basis to toll the statute of limitations. His false arrest was therefore untimely when he first filed suit in this Court. Likewise, the claim is untimely in this lawsuit.

Plaintiff has abandoned his malicious prosecution claim. "It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) (quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)). In general, "all causes of action alleged in an original complaint which are not alleged in an amended complaint are waived . . . ." *Austin v. Ford Models, Inc.*, 149 F.3d 148, 155 (2d Cir. 1998) (alteration and citation omitted), *abrogated on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). But *pro se* litigants "may not fully understand the superseding effect of the second pleading . . . ." *Id.* Thus, in lieu of summary dismissal of omitted claims or defendants, courts should review *pro se* pleadings to determine the litigant's intent. *Id.*

3

("the question of abandonment is one of intent"); *see, e.g., Walker v. DOCCS*, No. 23-CV-6598-FPG, 2024 WL 2304870, at *3 (W.D.N.Y. May 21, 2024) (reinstating the plaintiff's original complaint where the amended complaint was unclear as to whether he had intended to abandon certain claims).

The initial screening order, ECF No. 4 at 7, advised Plaintiff of the elements of a malicious prosecution claim, and gave him an opportunity to amend. However, the amended complaint indicates that he has elected not to proceed with a malicious prosecution claim. In the "Statement of Claim" section of the form complaint, he did not circle malicious prosecution, only false arrest. ECF No. 7 at 4. And when asked what relief he seeks, he states that he is seeking "compensation for my false arrest." *Id.* at 5. There is no mention of malicious prosecution. Consequently, the Court finds that Plaintiff has abandoned his malicious prosecution claim.

Even if not abandoned, having been given a roadmap of the elements of such claim, the amended complaint offers no facts concerning the malice or probable cause elements of a malicious prosecution claim. As the Court apprised Plaintiff in the initial screening order, a plausibly alleged malicious prosecution claim includes factual allegations that show: "(1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice." ECF No. 4 at 7 (quoting *Kee v. City of N.Y.*, 12 F.4th 150, 161-62 (2d Cir. 2021) (quoting *Smith-Hunter v. Harvey*, 95 N.Y.2d 191, 195 (2000))).

Probable cause is a "complete defense" to malicious prosecution. *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003). When examining a malicious prosecution

4

claim, probable cause continues unless "the groundless nature of the charges [is] be made apparent by the discovery of some intervening fact." *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 571 (2d Cir. 1996), *as amended* (May 21, 1996) (citations and internal quotation marks omitted). "[M]alice does not have to be actual spite or hatred, but means only 'that the defendant must have commenced the criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served.'" *Lowth*, 82 F.3d at 573 (quoting *Conkey v. State*, 74 A.D.2d 998, 998 (4th Dep't 1980)).

Plaintiff's amended complaint does not include facts showing that probable cause did not exist at the time the criminal proceeding was commenced, and he does not allege facts that permit an inference of malice on the part of the official(s) who initiated the criminal proceeding. Because the screening order put Plaintiff put on "the plainest notice of what was required," to allege a malicious prosecution claim and he has still not alleged any facts that plausibly state a claim for relief, failure to state a claim serves as an alternative basis for dismissal of this claim. *Denny v. Barber*, 576 F.2d 465, 471 (2d Cir. 1978) (when a plaintiff has been apprised of the deficiencies in his complaint and put on "the plainest notice of what was required," but has still not alleged any facts that plausibly state a claim for relief, dismissal without leave to amend is appropriate); *see Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257 (2d Cir. 2018) (when a plaintiff fails to cure his pleading deficiencies in his amended complaint, there is "clearly . . . no right to a second amendment").

To the extent the amended complaint could be construed as an attempt to allege a search and seizure claim, ECF No. 7 at 4, such claim is subject to dismissal as outside

5

the permissible scope of amendment. The initial screening order permitted Plaintiff to amend his false arrest and malicious prosecution claims only. ECF No. 4 at 4-9. *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) (summary order) ("District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted." (collecting cases)). In any event, the search and seizure claim, which accrued at the time of the search and seizure, would be time-barred. *See Mallard v. Potenza*, 94-CV-223 (CBA), 2007 WL 4198246, at *2–5 (E.D.N.Y. Nov. 21, 2007) (*Wallace*'s limitation on *Heck*'s deferred accrual rule applies to unlawful search and seizure claims, and a claim of unlawful search and seizure accrues upon the search and seizure); *aff'd* 376 F. App'x 132, 133 (2d Cir.2010); *Roberites v. Huff*, No. 11-CV-521SC, 2012 WL 1113479, at *4 (W.D.N.Y. Mar. 30, 2012) ("The accrual rule for false arrest claims established in *Wallace*, which applies to claims of false imprisonment, . . . has been extended to illegal search and seizure claims as well."); *Gonzalez v. Hartnett*, No. 521CV1379MADML, 2022 WL 17477964, at *4 (N.D.N.Y. Apr. 12, 2022) ("Plaintiff's claim of unlawful search and seizure against Defendants . . . pursuant to the Fourth Amendment and 42 U.S.C. § 1983, began to accrue . . . when the search occurred, and the property was seized."), *report and recommendation adopted*, No. 521CV01379MADML, 2022 WL 16848204 (N.D.N.Y. Nov. 9, 2022).

## **ORDER**

IT IS HEREBY ORDERED that Plaintiff's amended complaint is dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim; the Clerk of Court is directed to close this case; and it is further

ORDERED that, this Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: May 29, 2025
Rochester, New York

_____
CHARLES J. SIRAGUSA
UNITED STATES DISTRICT JUDGE